Til&hman C. j.
This is an appeal from the Circuit Court of Erie county. There was a verdict for the defendants. The plaintiff moved for a new trial, which was refused, upon which he appealed to this Court. There had been a trial and verdict once before in favor of the defendants, on which a new trial was ordered; so that there have been two verdicts for the defendants.
It is an action against the defendants as common carriers, *^'or in the safe carriage of the plaintiff’s goods on board the schooner Good Intent from Port Erie in Upper Canada to the town of Erie in this state. The vessel met with a violent gale of wind, in the course of which she was driven on the rocks near Point Abino, foundered, and every soul on board perished. There is no complaint of error in law in the charge of the judge before whom the cause was tried. The case turned upon the point of seaworthiness. The law was laid down fairly, and the fact left to the jury. It was in truth a question of fact, and it must be a very strong case indeed, which could induce this Court to order a third trial on a matter of fact. The man who undertakes to transport goods by water for hire, is bound to provide a vessel sufficient in all respects for the voyage, well manned, and furnished with sails, anchor's and all necessary furniture. If a loss happens through defect in any of these respects, the carrier must make it good. The evidence in the present case was contradictory. I think it may be concluded on the whole that the vessel was sufficiently strong, that she was sufficiently manned, and that her sails, anchors and cables were sufficient. The plaintiff relied chiefly on two defects, to prove her not to have been seaworthy; the want'of cabin doors, and the bad state of the hatches, which were not covered by a tarpawling. It appears that there were no cabin doors, but the vessel was, or at least had been, furnished with sliders by which the entrance to the cabin could be closed, and this entrance was raised from *127 ten to fifteen inches above the deck. Whether the sliders were on board at the commencement of this voyage, is not quite certain. Some of the witnesses were of opinion that this kind of closing was sufficient; others thought that doors w7ere necessary. With respect to the hatches too the witnesses differed. Some thought a tarpawling necessary, others not; some deposed that the hatches were broken, and not sufficient to keep out the water, others declared them to be in good condition. To determine a question of seaworthiness, the nature of the voyage is to be considered. It requires a different strength of vessel, and different furniture and equipments, to make a long voyage, and a short one; to navigate the ocean, a lake, and a river. The navigation of lake Erie is in some respects more dangerous than that of the ocean. There is less room; *there are few harbors, and the coast is lined with rocks; but the waves do not run so high. The voyage from Fort Erie to Presque’ Isle is in distance not more than ninety miles, and in time not generally exceeding twenty-four hours. It was for the jury to judge, whether under the circumstances of the case, the vessel was sufficiently built, manned, furnished and equipped. It was for them too to judge of the credibility of the witnesses, for the testimony cannot be reconciled. As the case appears to us, from the report of the evidence, I think it not free from doubt. It is of very great consequence to the public, that the vessels employed on the lakes, should be well built and in good condition. Many lives and much property will depend on them. But my doubts are not of law, but of fact; and after two verdicts by juries of the country bordering on lake Erie, I do not feel myself authorized to say that this vessel was not seaworthy. I am therefore of the opinion that the judgment of the Circuit Court should be affirmed.
Yeates J. declared his concurrence.
Judgment affirmed.
[Cited in 8 S. & R. 558; Authority denied, in part by Gibson C. J. in Hart v. Allen, 2 Watts 116 et seq.]